IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **VERA FRANKLIN,** | : |
| **Plaintiff,** | : |
| | : Civil Action No. |
| v. | : 7:06-cv-33 (HL) |
| **GEORGE P. HAMM, et al** | : |
| **Defendants.** | : |

## ORDER

Plaintiff filed this matter in the Valdosta Division of the United States District Court for the Middle District of Georgia on May 2, 2006, and alleged diversity as the basis for federal jurisdiction. Because federal courts have only limited jurisdiction, as part of the Court's initial review process, the Court must determine whether a proper jurisdictional basis exists in each case. Thus, when a plaintiff files a claim in federal court it is generally the plaintiff's burden to allege, with particularity, the facts necessary to establish jurisdiction. Morrison v. Allstate Indemnity Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's jurisdiction can be based upon either a question of federal law or diversity of citizenship; however, as Plaintiff is attempting to establish jurisdiction based on diversity of citizenship, the Court will not discuss the elements necessary to establish federal question jurisdiction. Diversity jurisdiction, pursuant to 28 U.S.C. § 1332, requires an amount in controversy in excess of the sum of $75,000, exclusive of interests and costs, and a matter between citizens of different States. 28 U.S.C. § 1332(a)(1) (2000). Accordingly, "complete diversity" must exist between all parties for the court to retain jurisdiction; this

means that every plaintiff must be diverse from every defendant.  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).  In the present case, Plaintiff failed to properly allege diversity jurisdiction.

In reference to the citizenship of Defendant Hamm, although there is no statutory definition of a citizen, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purposes of diversity jurisdiction.  McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002).  Domicile generally requires one's physical presence within the state with the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir. 1974)).  Furthermore, a person may reside in one place but be domiciled in another.  Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S.Ct. 1957, 1608 (1989).  Consequently, mere residency is not enough to establish the requisite citizenship for diversity jurisdiction.

Here, although the complaint sufficiently alleges the citizenship of the Plaintiff and Defendant Lanier County Board of Education,[1] Plaintiff has failed to properly allege the citizenship of Defendant Hamm.  Thus Plaintiff has not established federal diversity jurisdiction.  Therefore, Plaintiff has twenty days from the entry of this order on the docket, to properly allege jurisdiction.  If Plaintiff fails to do so, the case will be dismissed for lack

---

[1] Federal courts hold a board of education or "school board" is a political subdivision and citizen of the state in which the board is located.  See Board of Ed. of Charles County, Md v. Travelers Indemnity Co., 486 F. Supp 129, 130 (D.C. Md. 1980). (holding a school board located within Maryland was a citizen of Maryland).  See also Board of Education of Community Consol. School Dist. No. 168, Cook County, IL v. Republic Franklin Insurance Company., 2003 WL 22287384 (N.D. Ill. 2003) (holding a school board located within Illinois was a citizen of Illinois).

of jurisdiction.

   **SO ORDERED,** this the 24th day of May, 2006.

             **s/   Hugh Lawson**
             **HUGH LAWSON, Judge**

tjc